%JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nationwide Mutual Fire Insurance Company | Francis Malofiy |

| (b) County of Residence of First Listed Plaintiff   Franklin County, Ohio | County of Residence of First Listed Defendant   Delaware County, PA |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Michael A. Cognetti and Jordan S. Derringer SWARTZ CAMPBELL LLC Two Liberty Place, 28th Fl., 50 S. 16th St., Phila., PA 19103 (215)564-5190 | UNKNOWN |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

✓ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ✓ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ✓ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.S. § 1332; 28 U.S.C.S. § 2201

Brief description of cause:
Insurance Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  5/21/10

SIGNATURE OF ATTORNEY OF RECORD

*Mich Cognett*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:      U.S. Civil Statute: 47 USC 553
                Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br>One Nationwide Plaza<br>Columbus, OH 43215 | CIVIL ACTION |
| Plaintiff, | |
| vs. | NO. |
| FRANCIS MALOFIY<br>1253 Hunt Club Lane<br>Media, PA 19063 | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nationwide Mutual Fire Insurance Company, ("Nationwide") by its undersigned counsel, and pursuant to 28 U.S.C.S. § 2201, brings this declaratory judgment action to obtain an adjudication as to its right to disclaim any duty to defend or indemnify Francis Malofiy in connection with the lawsuit filed against him by Dante Troiani, pending in the Philadelphia County Court of Common Pleas, February Term, 2009, No. 001162. In support of this Declaratory Judgment Complaint, Nationwide avers as follows:

## I.   The Parties

1.   The plaintiff, Nationwide, is an Ohio Corporation, with its corporate office and principal place of business located at One Nationwide Plaza, Columbus, OH 43215.

1

2.    At all times material hereto, the plaintiff, Nationwide, was licensed to do business in the Commonwealth of Pennsylvania.

3.    Upon information and belief, the defendant, Francis Malofiy, is an adult individual residing at 1253 Hunt Club Lane, Media, Pennsylvania.

4.    The defendant, Francis Malofiy, is a defendant in an action brought by Dante Troiani ("Underlying Plaintiff") in the Philadelphia County Court of Common Pleas, February Term, 2009, No. 001162 ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit "A".

## II.    <u>Jurisdiction</u>

5.    Jurisdiction in this matter is appropriate pursuant to 28 U.S.C. §1332, diversity of citizenship, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6.    This action is brought pursuant to 28 U.S.C.S. § 2201, the Declaratory Judgment Act, which provides for any court to adjudicate a party's rights and responsibilities where there is an actual controversy.

7.    A justiciable and actual controversy exists over whether the plaintiff, Nationwide, is obligated to provide a defense and/or indemnity to the defendant, Francis Malofiy, in connection with the allegations in the Underlying Action.

## III.    <u>The Underlying Action</u>

8.    According to the Complaint in the Underlying Action, on August 16, 2008, the Underlying Plaintiff and the defendant, Francis Malofiy, were patrons at the 2204

2

Liberty Bar at 2204 Market Street in Philadelphia, Pennsylvania. See Exhibit "A" at
¶¶15-16.

9.    While at the 2204 Liberty Bar, the defendant, Francis Malofiy, struck the
Underlying Plaintiff in the head with a beer glass, causing the Underlying Plaintiff to
sustain serious personal injuries. See Exhibit "A" at ¶20.

10.   The Underlying Plaintiff claims that the defendant, Francis Malofiy, was
subsequently arrested by the Philadelphia Police Department and charged with various
crimes, including Aggravated Assault, Simple Assault, Recklessly Endangering Another
Person and Possession of an Instrument of Crime. See Exhibit "A" at ¶21.

11.   The Underlying Plaintiff further alleges that the defendant, Francis
Malofiy, has been held for Court on all charges and is awaiting trial. See Exhibit "A" at
¶21.

12.   In the Underlying Action, the Underlying Plaintiff purports to set forth a
claim against the defendant, Francis Malofiy, for the recovery of damages based upon a
theory of recovery for battery. See Exhibit "A" at ¶¶31-38.

13.   Specifically, the Underlying Plaintiff avers as follows:

31.    Defendant Francis Malofiy struck Plaintiff in and about the head
and face and body wantonly, recklessly and with the malicious intent to
injure Plaintiff and with an absolute disregard for Plaintiff's health,
safety and welfare.

32.    The action of Defendant Francis Malofiy in striking plaintiff
caused harmful and offensive contact with Plaintiff which was committed
with the intent to cause Plaintiff to suffer such harmful and offensive
contact, and thus constituted a battery as a matter of Pennsylvania law.

3

33. The harmful and offensive contact caused by Defendant Francis Malofiy was not consented to by Plaintiff/was without provocation of any kind, and was not otherwise privileged.

See Exhibit "A" at ¶¶31-33.

## IV. The Insurance Policy

14. The plaintiff, Nationwide, issued to Alexander & Pauline R. Malofiy, the parents of the defendant, Francis Malofiy, a Homeowner Policy of insurance, policy number 58 37 MP 187088, for the policy period July 17, 2008 to July 17, 2009. A true and correct copy of the insurance policy is attached hereto as Exhibit "B".

15. The Homeowner Policy of insurance provides liability coverage as follows:

*Coverage Agreements*

**Coverage E – PERSONAL LIABILITY**

**We** will pay damages an **insured** is legally obligated to pay due to an **occurrence** resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property. **We** will provide a defense at **our** expense by counsel of **our** choice. **We** may investigate and settle any claim or suit. **Our** duty to defend a claim or suit ends when the amount **we** pay for damages equals **our** limit of liability.

This Coverage is excess over other valid and collectible insurance. It does not apply to insurance written as excess over the applicable limits of liability.

See Exhibit "B" at p. G1.

16. The Homeowner Policy of insurance provides the following liability exclusions as follows:

4

*Liability Exclusions*

1.  Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to **bodily injury** or **property damage:**

    a)  by an act intending to cause harm done by or at the direction of any **insured.**

        This exclusion does not apply to corporal punishment of pupils.

    b)  caused by or resulting from an act or omission which is criminal in nature and committed by an **insured**.

        This exclusion 1.b) applies regardless of whether the **insured** is actually charged with, or convicted of a crime.

See Exhibit "B" at p. H1.

17.  The Homeowner Policy of insurance provides the following relevant definitions:

    1.  "BODILY INJURY" means bodily harm, including resulting care, sickness or disease, loss of services or death. **Bodily injury** does not include emotional distress, mental anguish, humiliation, mental distress or injury , or any similar injury unless the direct result of bodily harm.

                                *** 

    4.  "OCCURRENCE" means **bodily injury** or **property damage** resulting from an accident, including continuous or repeated exposure to the same general condition. The **occurrence** must be during the policy period.

    5.  "INSURED" means **you** and the following persons if residents of **your** household at the **residence premises:**

        a)  **your** relatives;

5

See Exhibit "B" at p. G1.

## COUNT I-DECLARATORY JUDGMENT

18.    The plaintiff incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein at length.

19.    The plaintiff, Nationwide, does not have any obligation to provide for the defense or indemnification of the defendant, Francis Malofiy, in connection with the Underlying Action because the claims of the Underlying Plaintiff do not involve a claim for "bodily injury" caused by an "occurrence" as defined by the policy.

20.    The Underlying Plaintiff claims that the defendant, Francis Malofiy, struck the Underlying Plaintiff "wantonly, recklessly and with the malicious intent to injure".

21.    The policy defines an "occurrence" in part as an accident.

22.    The allegations in the Underlying Action that the defendant, Francis Malofiy, acted "wantonly, recklessly and with the malicious intent to injure" do not qualify as accidental.

23.    As the actions of the defendant, Francis Malofiy, were not alleged have been committed accidentally, they do not qualify as an "occurrence" as defined by the policy.

24.    There are no allegations in the Underlying Action of "bodily injury" caused by an "occurrence".

**WHEREFORE**, Nationwide Mutual Fire Insurance Company respectfully requests that this Court declare that:

(a)      Nationwide Mutual Fire Insurance Company has no obligation to provide a defense to the defendant, Francis Malofiy, in connection with the claims asserted in the Underlying Action;

(b)      Nationwide Mutual Fire Insurance Company has no obligation to provide indemnity to the defendant, Francis Malofiy, against an award of damages or settlement in connection with the claims asserted in the Underlying Action;

( c)     Such other and further relief as deemed appropriate by the court.

## COUNT II-DECLARATORY JUDGMENT

25.      The plaintiff incorporates the allegations of paragraphs 1 through 24 as if fully set forth herein at length.

26.      Under the terms of the policy, even if the Underlying Plaintiff, has asserted a claim for "bodily injury" caused by an "occurrence", which is denied, the plaintiff, Nationwide, has no duty to defend or indemnify the defendant, Francis Malofiy, by reason of Exclusion 1.a).

27.      Under the terms of the policy, even if the Underlying Plaintiff, has asserted a claim for "bodily injury" caused by an "occurrence", which is denied, the plaintiff, Nationwide, has no duty to defend or indemnify the defendant, Francis Malofiy, for bodily injury caused by an act intending to cause harm done by an insured.

28.      In the Underlying Action, it is averred that the defendant, Francis Malofiy, struck the Underlying Plaintiff with the "malicious intent to injure the plaintiff".

7

29.    As it is alleged in the Underlying Action that the defendant, Francis Malofiy, intended to injure the Underlying Plaintiff, Exclusion 1.a) is applicable to remove coverage.

**WHEREFORE**, Nationwide Mutual Fire Insurance Company respectfully requests that this Court declare that:

(a)    Nationwide Mutual Fire Insurance Company has no obligation to provide a defense to the defendant, Francis Malofiy, in connection with the claims asserted in the Underlying Action;

(b)    Nationwide Mutual Fire Insurance Company has no obligation to provide indemnity to the defendant, Francis Malofiy, against an award of damages or settlement in connection with the claims asserted in the Underlying Action;

( c)    Such other and further relief as deemed appropriate by the court.

## COUNT III - DECLARATORY JUDGMENT

30.    Plaintiff incorporates the allegations of paragraphs 1 through 29 as if fully set forth herein at length.

31.    Under the terms of the policy, even if the Underlying Plaintiff, has asserted a claim for "bodily injury" caused by an "occurrence", which is denied, the plaintiff, Nationwide, has no duty to defend or indemnify the defendant, Francis Malofiy, by reason of Exclusion 1.b).

32.    Under the terms of the policy, even if the Underlying Plaintiff, has asserted a claim for "bodily injury" caused by an "occurrence", which is denied, the plaintiff,

8

Nationwide, has no duty to defend or indemnify the defendant, Francis Malofiy, for bodily injury caused by an act which is criminal in nature and committed by the insured.

33.     In the Underlying Action, it is averred that the defendant, Francis Malofiy, struck the Underlying Plaintiff with the "malicious intent to injure the plaintiff".

34.     The act of the defendant, Francis Malofiy, in striking the Underlying Plaintiff with a beer bottle was criminal in nature.

35.     In the Underlying Action, it is averred that the defendant, Francis Malofiy, was arrested in connection with the act of striking the Underlying Plaintiff.

36.     In the Underlying Action, it is averred that the defendant, Francis Malofiy, was charged with various crimes in connection with the act of striking the Underlying Plaintiff.

37.     In the Underlying Action, it is averred that the defendant, Francis Malofiy, has been held for Court on all charges and is awaiting trial.

38.     As it is alleged in the Underlying Action that the defendant, Francis Malofiy, committed a criminal act which caused "bodily injury" to the Underlying Plaintiff, Exclusion 1.b) is applicable to remove coverage.

**WHEREFORE**, Nationwide Mutual Fire Insurance Company respectfully requests that this Court declare that:

(a)     Nationwide Mutual Fire Insurance Company has no obligation to provide a defense to the defendant, Francis Malofiy, in connection with the claims asserted in the Underlying Action;

9

(b)     Nationwide Mutual Fire Insurance Company has no obligation to provide

indemnity to the defendant, Francis Malofiy, against an award of damages or settlement

in connection with the claims asserted in the Underlying Action;

( c)     Such other and further relief as deemed appropriate by the court.

SWARTZ CAMPBELL LLC

_____

Michael A. Cognetti, Esquire
Jordan S. Derringer, Esquire
Identification No. 55819/ 91420
Two Liberty Place, 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190

Attorneys for the Plaintiff,
Nationwide Mutual Fire Insurance Company

**APPENDIX G**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL FIRE      :
INSURANCE COMPANY      :     CIVIL ACTION
               V.      :     NO: _____
                             :
FRANCIS MALOFIY      :
                             :

### DISCLOSURE STATEMENT FORM

Please check one box:

X      The nongovernmental corporate party, <u>Nationwide Mutual Fire Insurance Company</u> in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

<u>5/21/2010</u>_____
     Date                                 Signature

Counsel for:    <u>Nationwide Mutual Fire Insurance Company</u>

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)    WHO MUST FILE; Contents. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that:

       (1)    identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock; or

       (2)    states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

       (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

       (2)    promptly file a supplemental statement if any required information changes.

APPENDIX G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE<br>INSURANCE COMPANY | : | CIVIL ACTION<br>NO: _____ |
| V. | : | |
| FRANCIS MALOFIY | : | |

DISCLOSURE STATEMENT FORM

Please check one box:

X      The nongovernmental corporate party, <u>Nationwide Mutual Fire Insurance</u> <u>Company</u> in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

❑      The nongovernmental corporate party,_____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

<u>5/21/2010</u>
Date                              Signature

Counsel for:    <u>Nationwide Mutual Fire Insurance Company</u>

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)    WHO MUST FILE; Contents. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that:

     (1)    identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock; or

     (2)    states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

     (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

     (2)    promptly file a supplemental statement if any required information changes.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: <u>Nationwide Mutual Insurance Company 1001 East Hector Street, Suite 300</u>
<u>Conshohocken. PA 19428-2395</u>
Address of Defendant: <u>Francis Malofiy</u>
Place of Accident, Incident or Transaction: <u>1253 Hunt Club Lane, Media, PA 19063</u>
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes □   No ✓

Does this case involve multidistrict litigation possibilities?       Yes□     No ✓
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                        Yes□   No✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
    action in this court?                         Yes □   No✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
    terminated action in this court?             Yes□   No ✓

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ✓ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I,   Michael A. Cognetti                                      , counsel of record do hereby certify:

✓ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:   5/21/2010                        _____        ____55819____
                                          Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE:   5/21/2010                        _____        ____55819____
                                          Attorney-at-Law             Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| FRANCIS MALOFIY | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| __5/21/2010__ | _____ | __Nationwide Mutual Fire Ins. Co.__ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| __(215)299-4302__ | __(215)299-4302__ | __mcognetti@swartzcampbell.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.